[No. B097651. Second Dist., Div. Seven. June 28, 1996.]

ARMANDO ANDRADE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michael P. Judge, Public Defender, Albert J. Menaster, John Haveson and Jack T. Weedin, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, Patrick D. Moran and William Woods, Deputy District Attorneys for Real Party in Interest.

**OPINION**

**JOHNSON, J.**—The issue is whether a defendant in a criminal case can be compelled under the reciprocal discovery statutes to supply the prosecution with his statements about the offense made to and relied upon by a psychotherapist for the purpose of preparing a report for the defense. We conclude these statements are covered by the attorney-client privilege and are exempt from discovery under the provisions of Penal Code section 1054.6.

## Facts and Proceedings Below

Armando Andrade is charged with murder. At his request, the court appointed a psychologist to examine him pursuant to Evidence Code section 730. The psychologist, Dr. Castellano, performed her examination and submitted her report to the defense. The defense then designated Dr. Castellano as an expert witness for trial. By designating the psychologist as a witness, the defense triggered the discovery provisions of Penal Code section 1054.3[1] which provide in relevant part: "The defendant and his or her attorney shall disclose to the prosecuting attorney: (a) The names and addresses of persons, other than the defendant, he or she intends to call as witnesses at trial, together with any relevant written or recorded statements of those persons, or reports of the statements of those persons, including any reports or statements of experts made in connection with the case . . . ."

Pursuant to an order by the trial court, the defense supplied Dr. Castellano's report to the prosecution. However, before doing so the defense redacted certain portions of the report which, it claimed, contained statements the defendant made to Dr. Castellano regarding the charged offense. The defense contended these statements to the psychologist were not subject to discovery because they were protected by the attorney-client and psychotherapist-patient privileges and by the work product rule. The prosecution rejected this contention and demanded the full, unredacted psychological report including defendant's statements regarding the charged offense.

At a hearing on the prosecution's demand for the full report the trial court ruled that to the extent the psychologist used defendant's statements regarding the offense to form her opinions about his mental state, those statements had to be turned over to the prosecution.[2]

Defendant then filed a petition for a writ of mandate asking us to direct the trial court to vacate its order requiring the defense to supply the prosecution with defendant's statements to the psychologist. We stayed enforcement of the trial court's order and issued an order to show cause why the relief defendant sought should not be granted. Having reviewed the record and considered the arguments of the parties, we grant the writ.

## Discussion

 Defendant acknowledges his statutory duty to supply the prosecution with reports prepared by experts designated as trial witnesses. (§ 1054.3.) He

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The trial court ruled if Dr. Castellano "relied in part on any of the information contained in the statements given her by the defendant in forming her opinions then the portions of the statements of the defendant . . . are discoverable and have to be turned over."

contends, however, this duty is subject to his right to exercise his statutory and constitutional privileges including the attorney-client, psychotherapist-patient and work product privileges and the right not to incriminate himself. Defendant's contention is supported by section 1054.6 and by the decision in *Rodriguez* v. *Superior Court* (1993) 14 Cal.App.4th 1260 [18 Cal.Rptr.2d 120], a case directly on point.

Section 1054.6 provides: "Neither the defendant nor the prosecuting attorney is required to disclose any materials or information which are work product . . . or which are privileged pursuant to an express statutory provision, or are privileged as provided by the Constitution of the United States." Thus, discovery in criminal cases does not extend to any material or information covered by the attorney-client privilege (Evid. Code, § 954), the psychotherapist-patient privilege (Evid. Code, § 1014) or the Fifth Amendment's protection against self-incrimination.

The facts in *Rodriguez* v. *Superior Court, supra*, are very similar to those in the case before us. Rodriguez, who was charged with several crimes including murder, retained a psychologist, Dr. LaCalle, for the purpose of evaluating his mental condition to see if any mental defenses should be raised. After reviewing LaCalle's report, defendant notified the prosecution he intended to call LaCalle as a witness at trial. Defendant provided the prosecution with a copy of LaCalle's report but redacted the portion which contained statements by defendant regarding the charged offenses. The prosecution moved to compel production of the complete, unedited report. Rodriguez opposed the motion, arguing the deleted portion of the psychologist's report was protected from disclosure by the attorney-client and psychotherapist-patient privileges and the privilege against self-incrimination. The trial court rejected defendant's argument and ruled that if defendant intended to call the psychologist then defendant's statement "in its entirety" must be turned over to the prosecution. The Court of Appeal granted defendant a writ of mandate vacating the trial court's order.

The court held Rodriguez's statements to the psychologist regarding the charged offenses were covered by the attorney-client privilege because the psychologist was acting as the agent of Rodriguez's attorney for purposes of preparing a psychological evaluation for the defense. (14 Cal.App.4th at pp. 1265-1266.) As was stated in *City & County of S.F.* v. *Superior Court* (1951) 37 Cal.2d 227, 236 [231 P.2d 26, 25 A.L.R.2d 1418], "[W]hen communication by a client to his attorney regarding his physical or mental condition requires the assistance of a physician to interpret the client's condition to the attorney, the client may submit to an examination by the physician without fear that the latter will be compelled to reveal the information disclosed."

*Rodriguez* held this same rule applies when it is the client who is being compelled to disclose the information. (14 Cal.App.4th at p. 1266.)

The court further held the attorney-client privilege is not waived merely because the defendant intends to call the psychologist as a defense witness at trial. This is so even if the psychologist "may be testifying concerning statements [defendant] made to him concerning the event and . . . his opinion could, conceivably, be based, in part on those statements." (14 Cal.App.4th at p. 1267.) This result is unavoidable when sections 1054.3 and 1054.6 are read together. Unless section 1054.3 applies, there is no statutory or constitutional duty on the part of the defendant to disclose anything to the prosecution. (*Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 379 [285 Cal.Rptr. 231, 815 P.2d 304].) In *Rodriguez,* the discovery provisions of section 1054.3 were triggered only because the defense intended to call Dr. LaCalle as a defense witness. If this was sufficient to waive the privilege then section 1054.6, which exempts privileged material from discovery, would have no object. Unless the material is discoverable under section 1054.3 it is not discoverable at all and there is no need to exercise a privilege to keep the material confidential. On the other hand, if material otherwise discoverable under section 1054.3 is not protected under section 1054.6 then the latter section would be, in the words of the *Rodriguez* court, "a nullity—superfluous and of no significance." (14 Cal.App.4th at p.1269.)

Finally, the *Rodriguez* court held the attorney-client privilege was not waived by partial disclosure of the psychologist's report. The court noted the disclosure was not voluntary in that it was done pursuant to court order and, in any event, waiver of privilege as to one aspect of a protected relationship does not necessarily waive the privilege as to other aspects of the privileged relationship. (14 Cal.App.4th at p. 1270, citing *In re Lifschutz* (1970) 2 Cal.3d 415, 434-436 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1], among other cases.) The court also expressed the view that from a public policy standpoint it would be unfair to declare the privilege waived when defendant was simply making a good faith attempt to comply with the discovery provisions of section 1054.3. (14 Cal.App.4th at p. 1270.)

Rather than relying on *Rodriguez,* a case directly on point, the trial court relied instead on *Woods* v. *Superior Court* (1994) 25 Cal.App.4th 178 [30 Cal.Rptr.2d 182], even though it acknowledged the case was not on point. In *Woods*, the issue was whether the defense was required to supply the prosecution with the defendant's responses to standardized psychological tests where the psychologist, who was identified as a defense witness, relied on the tests in reaching his conclusions, referred to the responses in his report and the report was voluntarily provided to the People. (*Id.* at p. 183.)

The court in *Woods* explicitly stated it was *not* ruling on whether the defendant's statements to the psychologist in an interview were discoverable. (*Id.* at p. 183, fn. 2.) The interview statements, the court noted, were discussed at length in the psychologist's report which the defense gave to the prosecution voluntarily and in full. (*Ibid.*)

The trial court purported to find dictum in *Woods* indicating any information a designated expert uses to form his or her opinions, including statements by the defendant about the offense, is discoverable. The trial court did not say where in the opinion it found this dictum and we have not been able to identify it. The closest language we have found is a statement by the appellate court the attorney-client privilege is waived where "the expert is identified, a substantial portion of his otherwise privileged evaluation is disclosed in his report, and the report is released." (25 Cal.App.4th at p. 187.) This language is obiter dictum because discoverability of the defendant's interview with the psychologist was not at issue, the defendant had waived the attorney-client privilege issue by not raising it in his writ petition (*id.* at p. 187) and, in any event, the defendant in the case before us did not voluntarily disclose the contents of his interview to the prosecution.

To summarize, we find the reasoning of *Rodriguez* persuasive and therefore conclude the trial court erred in ordering the defendant in this case to disclose privileged material to the prosecution. Even though Dr. Castellano may have relied in part on this material in forming her opinion about defendant's mental state, section 1054.6 unambiguously protects this information from pretrial discovery.[3]

In the return to the petition in this matter, the prosecution does not even attempt to defend the trial court's discovery order. Instead, the prosecution's response to the petition is to suggest defendant "has possibly removed information" from Dr. Castellano's report which "was not privileged" and "perhaps items were redacted from the report which were properly subject to discovery under *Rodriguez*." The issue raised by the prosecution is outside the scope of this petition for writ of mandate. If the prosecution believes defendant has not produced information or materials which *are* discoverable under section 1054.3 it may seek appropriate relief in the trial court.

### DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its previous order directing defendant to supply the prosecution with those

---

[3]Like the court in *Rodriguez*, we need not decide whether and to what extent any privilege would continue to apply once Dr. Castellano testified at trial. (14 Cal.App.4th at p. 1269, fn. 5; see *People* v. *Coleman* (1989) 48 Cal.3d 112, 151 [255 Cal.Rptr. 813, 768 P.2d 32] and cases discussed therein.)

portions of Dr. Castellano's report which reflect defendant's statements about the charged offenses and on which she relied in forming her opinions and enter a new and different order denying discovery of those statements.

Lillie P. J., concurred.

**WOODS, J.,** Dissenting.—After receiving full disclosure from the prosecutor (Pen. Code, § 1054.1; statutory references, unless otherwise noted, are to the Penal Code) and after stating he intends to call a psychologist as a defense trial witness (§ 1054.3), may the defendant redact from the psychologist's report the entire factual basis for the psychologist's reported opinions? Relying upon *Rodriguez* v. *Superior Court* (1993) 14 Cal.App.4th 1260 [18 Cal.Rptr.2d 120], the majority say yes. I disagree.

Everyone agrees that when defendant talked to the psychologist, at the direction of his attorney, his communications were privileged. (Evid. Code, §§ 954 [lawyer-client], 1014 [psychotherapist-patient].)

Everyone also agrees that if defendant had chosen *not* to call the psychologist as a defense trial witness, those communications would remain privileged and immune from prosecutor discovery.

Further, no one contests that when defendant calls the psychologist as a trial witness and she testifies to opinions based upon what defendant told her, then her *unredacted* report containing defendant's statements must be given to the prosecutor. (*People* v. *Coleman* (1989) 48 Cal.3d 112, 151-152 [255 Cal.Rptr. 813, 768 P.2d 32].)

The question is whether the reciprocal discovery statute (§§ 1054-1054.7) *requires* such delay, likely trial interruption, and possible waste of court time.

It would certainly appear that the statute itself says such delay is *not* required. It states: "This chapter shall be interpreted to give effect to all of the following purposes: [¶] (a) To promote the ascertainment of truth in trials by requiring *timely pretrial discovery.* [¶] . . . *To save court time in trial* and avoid the necessity for frequent interruptions and postponements . . . ." (§ 1054, italics added.)

These purposes are accomplished by requiring a defendant to disclose sooner only what he would have to disclose later. If privileged information would never have to be disclosed by a defendant then it, of course, cannot be discoverable "sooner." A defendant determines whether or not such privileged information is discoverable. So long as he does not intend to call

someone as a witness that person's identity, statement, and report need not be disclosed. (*Sandeffer* v. *Supreme Court* (1993) 18 Cal.App.4th 672, 678 [22 Cal.Rptr.2d 261].) But when a defendant does intend to call a person as a witness, the witness's identity, statement, and report must be disclosed. (§ 1054.3; *Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356 [285 Cal.Rptr. 231, 815 P.2d 304].)

This "accelerate[d] . . . timing" of disclosure has been held *not* to infringe on the Fifth and Fourteenth Amendments to the United States Constitution. (*Williams* v. *Florida* (1970) 399 U.S. 78, 85-86 [26 L.Ed.2d 446, 452-453, 90 S.Ct. 1893].)

I agree with *Woods* v. *Superior Court* (1994) 25 Cal.App.4th 178, 187 [30 Cal.Rptr.2d 182]: ". . . while communications with an expert retained to assist in the preparation of a defense may initially be protected by the attorney-client privilege, the privilege is waived where as here the expert is identified, a substantial portion of his otherwise privileged evaluation is disclosed in his report, and the report is released."

As to *Rodriguez*, I find it no more persuasive than did my Fourth District colleagues (Justices Huffman, Benke, and Froehlich) in *Woods* v. *Superior Court.*

*Rodriguez* failed to construe the reciprocal discovery statutes "so as to effectuate the purpose of the law." (*West Pico Furniture Co.* v. *Pacific Finance Loans* (1970) 2 Cal.3d 594, 607-608 [86 Cal.Rptr. 793, 469 P.2d 665].) By its interpretation *Rodriguez* would thwart the statute's clearly expressed purposes of requiring "timely pretrial discovery . . . [and] avoid-[ing] the necessity for frequent interpretations and postponements." (§ 1054.)

*Rodriguez* is also flawed by its seemingly inconsistent characterization of what information the psychologist, Dr. LaCalle, obtained from defendant and whether he relied upon that information. As the majority noted, *Rodriguez* states: ". . . petitioner does not deny that Dr. LaCalle may be testifying concerning statements petitioner made to him concerning the event and that his opinion could, conceivably, be based, in part, on those statements." (*Rodriguez* v. *Superior Court, supra,* 14 Cal.App.4th 1260, 1267.)

As the majority does *not* note, *Rodriguez* also states: "A review of Dr. LaCalle's report does not demonstrate any reference to or reliance on petitioner's statement regarding the offense. Therefore, nothing contained in the report can be construed as necessitating disclosure of petitioner's statement in order to understand the balance of the report. In effect, real party is

arguing that disclosure of any portion of any conversation one may have had with a psychologist waives the privilege for all conversations. This is not so." (14 Cal.App.4th at p. 1270.)

As to how *Rodriguez* would regard disclosure if—*as in the instant case*—the psychologist *had relied* on defendant's statements, the court observed: "Our perspective might be different had petitioner voluntarily disclosed Dr. LaCalle's conclusions as to petitioner's mental status at the time of the crime and said conclusions were based on petitioner's version of events." (14 Cal.App.4th at p. 1270.)

For these reasons I would deny the writ.