Filed 1/25/24

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----


| | |
|---|---|
| JENNIFER MISZKEWYCZ, | C095426 |
| Plaintiff and Respondent, | (Super. Ct. No. PC20210419) |
| v. | |
| COUNTY OF PLACER, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of El Dorado County, Dylan Sullivan, Judge. Affirmed.

Liebert Cassidy Whitmore, Jesse Jeremy Maddox and Monica M. Espejo for Defendant and Appellant.

Bohm Law Group, Lawrance A. Bohm and Zane E. Hilton for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

1

Plaintiff Jennifer Miszkewycz sued her employer, the County of Placer (County), alleging a single cause of action for whistleblower retaliation. The County filed a special motion to strike the complaint as a strategic lawsuit against public participation under Code of Civil Procedure[1] section 425.16. The trial court denied the County's motion, finding (1) the County did not comply with California Rules of Court, rule 3.1322 (rule 3.1322), governing motions to strike; and (2) the County failed to prove it engaged in a protected activity under section 425.16, subdivision (e). The County appeals.

In the published portion of this opinion, we hold that the County was not required to follow rule 3.1322 when bringing its special motion to strike under section 425.16. In the unpublished portion of this opinion, we hold that the County did not meet its burden of demonstrating plaintiff's claims for relief arise from the County's protected activity. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The County hired plaintiff as a deputy district attorney in 2006. By 2018, plaintiff had been promoted from classified service positions to the unclassified service position of assistant district attorney. In December 2019, the district attorney retired midterm and Charles Wilson became the acting district attorney. Approximately one week later, Wilson informed plaintiff of a text message he had received from the wife of a supervisor on the County's board of supervisors (Board) and read plaintiff the message. Plaintiff believed the text message was an implied quid pro quo.

In March 2020, Wilson informed plaintiff a complaint had been made to the Fair Political Practices Commission (Commission) regarding misconduct at the County and the Commission wanted to know whether the Commission or the district attorney's office should investigate the complaint. Several days later, Wilson was placed on

---

[1]     Undesignated section references are to the Code of Civil Procedure.

administrative leave and plaintiff assumed the role of interim district attorney. Plaintiff contacted the California Attorney General's Office regarding the ethics of investigating the complaint while the County was selecting a new district attorney. Plaintiff also met with County officials to inform them that a complaint had been made and that she had inquired of the Attorney General's Office about whether it would investigate the complaint. The next day, plaintiff informed the County the Attorney General's Office had decided to investigate the complaint. Plaintiff cooperated with the Attorney General's investigation, informing it of the text message that she believed was a quid pro quo to Wilson. At the same time, the County became aware of plaintiff's knowledge of the text message.

In April 2020, plaintiff learned that the County had appointed a new district attorney. After the new district attorney assumed office, plaintiff told him of the Attorney General's investigation into misconduct by a member of the Board, her cooperation with the investigation, and her willingness to cooperate with it again in the future. She also informed him that, although she had supported Wilson for district attorney, she was loyal to the Office of the District Attorney of Placer County.

In July 2020, plaintiff was demoted from the unclassified service position of assistant district attorney to the classified service position of senior deputy district attorney, and thus she was removed from the management staff of the district attorney's office. Plaintiff was told that her demotion was without cause and because the office was going in a different direction. The demotion caused plaintiff to lose over $40,000 annually in compensation. After exhausting her administrative remedies with the County, plaintiff sued the County in the Placer County Superior Court for whistleblower retaliation. The matter was later transferred to the El Dorado County Superior Court.

In her complaint, plaintiff alleged that the County demoted her and created a hostile work environment targeted at her because she engaged in whistleblowing

3

activities, such as cooperating with the investigation into a member of the Board and informing the County of an attempted quid pro quo.

The County filed a special motion to strike plaintiff's operative complaint as a strategic lawsuit against public participation pursuant to section 425.16. It argued that plaintiff's demotion was connected to an official proceeding because a section of the County Code authorized her demotion. The County also argued that, because plaintiff failed to plead facts regarding the creation of a hostile work environment other than her demotion, this theory was derivative of her demotion theory. Thus, according to the County, plaintiff's two theories of unlawful retaliation were both protected because a county ordinance authorized her demotion. The County further asserted that plaintiff had not established a reasonable probability her claims would be successful.

The trial court denied the motion. It reasoned that it could not strike portions of the complaint because the County had not complied with rule 3.1322(a), which provides a standard for motions to strike. It also concluded that the County's demotion of plaintiff was not protected activity under section 425.16 because it was not an official proceeding under subdivision (e)(2).

The County appeals.

DISCUSSION

The Legislature passed section 425.16—also known as the anti-SLAPP[2] statute— to protect defendants from meritless litigation designed to chill the exercise of the rights to speak and petition on matters of public concern. (§ 425.16, subds. (a) & (b)(1); *Cable News*, *supra*, 7 Cal.5th at pp. 883-884.) "The anti-SLAPP statute 'provides a procedure for weeding out, at an early stage, meritless claims arising from protected activity.' (*Baral*[ *v. Schnitt* (2016)] 1 Cal.5th [376,] 384.) The statute applies to 'cause[s] of action

---

[2] SLAPP stands for strategic lawsuit against public participation. (*Wilson v. Cable News Network* (2019) 7 Cal.5th 871, 822, fn. 2 (*Cable News*).)

4

against a person *arising from any act of that person in furtherance of the person's right of petition or free speech* under the United States Constitution or the California Constitution in connection with a public issue.' (§ 425.16, subd. (b)(1), italics added.)" (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1161, some italics omitted.)

The phrase "cause of action" as used in section 425.16 is a term of art. (*Baral v. Schnitt*, *supra*, 1 Cal.5th at pp. 381-382 (*Baral*).) Specifically, "cause of action" in section 425.16 refers to "allegations of protected activity that are asserted as grounds for relief." (*Baral*, at p. 395, italics omitted.) "Section 425.16 is not concerned with how a complaint is framed, or how the primary right theory might define a cause of action. While an anti-SLAPP motion may challenge any claim for relief founded on allegations of protected activity, it does not reach claims based on unprotected activity." (*Id.* at p. 382.) Thus, a single cause of action, as identified in a complaint, may contain multiple claims (or theories) for relief, some of which arise out of protected activity and some of which do not. (*Ibid.*) Section 425.16 is only concerned with claims that arise out of protected activity. (*Baral*, at p. 382.)

When considering a special motion to strike under section 425.16, the court engages in a two-step process. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) First, the court considers whether the defendant has established that the challenged claim for relief arises from an activity protected under section 425.16, subdivision (e). (*Bonni*, at p. 1009.) Second, the court considers whether the plaintiff has demonstrated the claim has minimal merit. (*Ibid.*) If the defendant shows that the plaintiff's claim for relief arises from a protected activity and the plaintiff fails to demonstrate minimal merit, the court must strike the claim for relief. (*Ibid.*)

I

*The County Was Not Required To Comply With Rule 3.1322*

The County contends the trial court improperly applied rule 3.1322 to deny its special motion to strike. We agree.

We review de novo the trial court's interpretation of rule 3.1322. (*Central Delta Water Agency v. Department of Water Resources* (2021) 69 Cal.App.5th 170, 212.) Rule 3.1322 provides that a motion to strike "must quote in full the portions sought to be stricken except where the motion is to strike an entire paragraph, cause of action, count, or defense." (Rule 3.1322(a).) Citing *Baral*, *supra*, 1 Cal.5th at pages 393-394, plaintiff argues a defendant must comply with rule 3.1322 when bringing a special motion to strike under section 425.16. In *Baral*, our Supreme Court held that the term "cause of action" as used in section 425.16 does not have the same definition of "cause of action" as used in other contexts. (*Baral*, at p. 395.) Instead, the *Baral* court concluded "cause of action" in section 425.16 meant "allegations of protected activity that are asserted as grounds for relief" within a cause of action in a complaint. (*Baral*, at p. 395, italics omitted.)

In doing so, our Supreme Court noted the similarities between conventional motions to strike and special motions to strike under section 425.16 but did not reference rule 3.1322. (*Baral*, *supra*, 1 Cal.5th at pp. 393-394.) Our Supreme Court provided guidance to parties and courts, as follows: "For the benefit of litigants and courts involved in this sometimes difficult area of pretrial procedure, we provide a brief summary of the showings and findings required by section 425.16[, subdivision ](b). At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them. When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage. If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached." (*Id*. at p. 396.)

Following *Baral*, the Second District Court of Appeal, Division One, held, without analysis, that rule 3.1322 does not apply to special motions to strike under section 425.16. (*Okorie v. Los Angeles Unified School Dist*. (2017) 14 Cal.App.5th 574, 589, disapproved on another ground in *Bonni*, *supra*, 11 Cal.5th at pp. 1010-1012 & fn. 2 [rejecting the

6

"gravamen" analysis as applied in *Okorie* and other decisions].) In doing so, the *Okorie* court stated that *Baral* did not expressly articulate a standard for these motions when the defendant seeks to strike specific allegations or claims for relief. (*Okorie*, at p. 589 [noting *Baral* "did not address this practical but vital aspect" of § 425.16 motions].)

Our Supreme Court's later decision in *Bonni* provided further instruction regarding a defendant's burden at the first step of the section 425.16 analysis. (*Bonni*, *supra*, 11 Cal.5th at pp. 1010-1011.) Importantly, our Supreme Court did not reference rule 3.1322, but reiterated the standard in *Baral* that the defendant carries the burden to "identify the acts alleged in the complaint that it asserts are protected and what claims for relief are predicated" on those acts. (*Bonni*, at p. 1010.) If a defendant does not make this showing, the special motion to strike must be denied. (*Id*. at p. 1011.)

At no point did the *Bonni* court suggest that defendants must comply with rule 3.1322. Further, focusing on paragraph numbers and isolated allegations does not comport with the standard in *Baral* and *Bonni* that the defendant must delineate the specific claims of relief it seeks to strike and demonstrate how the alleged protected activity supports those claims for relief. (*Bonni*, *supra*, 11 Cal.5th at pp. 1010-1011; *Baral*, *supra*, 1 Cal.5th at p. 396.) Indeed, under section 425.16 allegations of protected conduct are only stricken to the extent they support a claim for relief. (See *Bonni*, at pp. 1017-1018 [striking claims arising out of protected activity where the protected activity clearly supplies an element of the claims, despite the plaintiff's argument the allegations of protected activity provided context].) If allegations of protected conduct do not support and merely provide context for the plaintiff's claim for relief, the allegations are left unaltered. (*Baral*, at p. 394.) Therefore, applying rule 3.1322 and focusing narrowly on the quoted language could allow artful motion practice to target allegations of protected conduct that merely provide context to the plaintiff's claim for relief, undermining the statute's purpose in leaving such allegations unaltered.

Our interpretation of rule 3.1322(a) is bolstered when we consider that rule 3.1322(b) provides: "A notice of motion to strike must be given within the time allowed to plead, and if a demurrer is interposed, concurrently therewith, and must be noticed for hearing and heard at the same time as the demurrer." The rule is consistent with section 435, which provides a motion to strike may be filed "within the time allowed to respond to a pleading," except as provided in subdivision (e), which pertains to a motion for judgment on the pleadings. (§ 435, subd. (b)(1).) "The term 'pleading' means a demurrer, answer, complaint, or cross-complaint." (§ 435, subd. (a).) For example, a motion to strike must in certain instances be filed within 30 days after service of a pleading. (§§ 430.40, subd. (a) [demurrer to a complaint or cross-complaint], 432.10 [response to a cross-complaint].) In contrast, section 425.16, subdivision (f) provides a special motion to strike "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." Rule 3.1322(b) clearly does not apply to special motions to strike.

We interpret California Rules of Court according to the same principles governing statutory interpretation. (*Harris v. Appellate Division of Superior Court* (2017) 14 Cal.App.5th 142, 148.) " 'A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed.' " (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1268.) Thus, it is axiomatic that if rule 3.1322(b) does not apply to special motions to strike, neither does rule 3.1322(a). Accordingly, we decline to extend the requirements of rule 3.1322 to special motions to strike under section 425.16.

Applying the standard articulated in *Baral* and *Bonni*, we conclude the County's motion adequately informed the trial court of the protected activity it sought to strike and plaintiff's claims for relief the County believed arose from that protected activity. The

County acknowledged plaintiff had two theories of adverse employment action related to her whistleblower retaliation. The County then argued plaintiff's first theory—her demotion—arose from an act protected under section 425.16. Specifically, it argued plaintiff's demotion was connected to an official proceeding because the County's ordinance authorized her demotion. The County has thus clearly identified the act—plaintiff's demotion—that forms the basis of her claim for relief—whistleblower retaliation—and articulated how it believed that act was protected by section 425.16. As for the second theory—creation of a hostile work environment—the County argued the theory was derivative of plaintiff's first claim for relief and must be stricken for the same reason. This is sufficient under *Bonni*.

## II

### *The County's Demotion Of Plaintiff And Creation Of*
### *A Hostile Work Environment Did Not Arise From Protected Conduct*

We consider the trial court's denial of a special motion to strike under section 425.16, including whether defendant's conduct constituted protected activity, de novo. (*Bonni*, *supra*, 11 Cal.5th at p. 1009.) At the first prong of the analysis, we must consider the elements of plaintiff's cause of action, the acts of the County establishing those elements, and whether section 425.16, subdivision (e) protects those acts. (*Bonni*, at p. 1009.)

To prove her cause of action for whistleblower retaliation, plaintiff must show that the County subjected her to an adverse employment action because "[she] exercised rights guaranteed [to her] by law." (*Cable News*, *supra*, 7 Cal.5th at p. 885.) Plaintiff alleged in her complaint that the County took adverse employment actions against her by demoting her and subjecting her to a hostile work environment. The County argues plaintiff's demotion was the result of the County's protected conduct under section 425.16, subdivision (e)(1) and (2). It further argues that, because her demotion is the only fact she has pled in support of her claim that the County created a hostile work

9

environment, plaintiff's hostile work environment theory is derivative of her demotion theory and must therefore be dismissed for the same reason. We disagree.

Protected conduct as defined in subdivision (e)(1) of section 425.16 is "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," while subdivision (e)(2) defines protected conduct as "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Our Supreme Court, however, has held that these subdivisions do not include the decisions made in connection with those proceedings. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060-1061, 1064 [distinguishing a discriminatory *decision*, which § 425.16 does not protect, from the *speech* in connection with the official proceeding that reached the decision, which is protected].)

*Bonni* is illustrative of the difference between protected speech made before and connected with an official proceeding and the decision ultimately reached as a result of such a proceeding. The plaintiff in *Bonni* sued two hospitals and asserted over a dozen theories of unlawful retaliation. (*Bonni*, *supra*, 11 Cal.5th at p. 1015, fn. 4.) Among his theories were that the hospitals defamed him and engaged in character assassination in retaliation for his complaints regarding patient safety; others included that, after an official peer review proceeding, the hospitals suspended his privileges in retaliation for his complaints. (*Id*. at p. 1015 & fn. 4.) Our Supreme Court held the defamation and character assassination theories related to speech activity in connection with an official proceeding, and thus arose from protected activity under subdivision (e)(2) of section 425.16. (*Bonni*, at p. 1016.)

The *Bonni* court concluded, however, that subdivision (e)(2) of section 425.16 did not include a disciplinary decision in its definition of protected activity, even where the disciplinary decision is communicated orally or in writing. (*Bonni*, *supra*, 11 Cal.5th at

10

pp. 1014, 1019-1020.) Such disciplinary conduct is potentially protected under section 425.16, subdivision (e)(4),[3] but only when the conduct directly advances the employer's ability to speak or petition on matters of public concern. (*Bonni*, at p. 1022; see also *Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1070 [holding disciplinary decisions in connection with official proceedings are not protected activities under § 425.16, subd. (e)(2)].) Still, asserting that conduct, e.g., hiring or disciplining an employee, is merely an issue of public concern is not enough to bring a defendant's conduct under the protection of section 425.16, subdivision (e)(4). (*Park*, at p. 1072.)

The County relies on *Kibler v. Northern Inyo County Local Hospital Dist*. (2006) 39 Cal.4th 192 and *Vergos v. McNeal* (2007) 146 Cal.App.4th 1387 to bolster its argument that the demotion was in connection with an official proceeding. But, even assuming the hiring of the new district attorney's management team was an official proceeding under section 425.16, subdivision (e)(2), this case is still no different from *Bonni* because plaintiff's demotion was not *speech* in connection with that official proceeding. (*Bonni*, *supra*, 11 Cal.5th at pp. 1019-1020.) As explained in *Bonni*, plaintiff's demotion could only be protected under section 425.16, subdivision (e)(4) if the County demonstrated her demotion directly advanced its ability to speak or petition on a matter of public concern. (*Bonni*, at p. 1022; see also *Cable News*, *supra*, 7 Cal.5th at p. 898 [holding termination of a news anchor for plagiarism was protected under § 425.16, subd. (e)(4) as conduct in furtherance of an employer's speech rights].) The

---

[3] Section 425.16, subdivision (e)(4) defines an act in furtherance of a person's right of petition or free speech in connection with a public issue as including "any other conduct [not defined in subdivisions (e)(1) through (e)(3)] in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

County has not attempted to show that plaintiff's demotion advanced its ability to speak or petition on matters of public concern.

Finally, the County argues that our Supreme Court in *Bonni* held that where a plaintiff alleges an employer's decision to initiate an official proceeding causes the plaintiff's harm, the allegation targets conduct protected by section 425.16. Not so. The County cites to the section of the *Bonni* court's analysis regarding its holding related to *statements made* in connection with an official proceeding, i.e., the plaintiff's defamation and character assassination claims. (Citing *Bonni*, *supra*, 11 Cal.5th at p. 1019.) Not only does the County misstate the holding from that section, but it also ignores the *Bonni* court's holding related to the plaintiff's claims for relief arising from *adverse employment decisions*. (*Id*. at pp. 1020-1022.) As it related to the plaintiff's claims for relief arising from adverse employment decisions, our Supreme Court did not strike the claims because adverse employment decisions are not considered *speech* under section 425.16, subdivision (e)(2), and thus are not protected activity. (*Bonni*, at pp. 1019-1020 ["The [h]ospitals acknowledge . . . the significance of the distinction drawn in *Park* between adverse decisions and the communications giving rise to those decisions"].) As in *Bonni*, plaintiff's claim for relief pertaining to her demotion does not arise from protected activity pursuant to section 425.16, subdivision (e)(2).

The County does not independently analyze whether plaintiff's claim for relief pertaining to a hostile work environment implicated protected activity. Instead, the County argues the claim is derivative of her claim arising from her demotion. Because we concluded plaintiff's claim arising from her demotion does not implicate protected activity, we further conclude her theory arising from the County's creation of a hostile work environment does not implicate protected activity. Given our conclusions on the first prong of the analysis, we do not reach the second prong of the analysis under section 425.16 regarding the merits of plaintiff's claims. We also do not consider plaintiff's contention that the County's motion was untimely.

12

The trial court's order denying the special motion to strike is affirmed. Plaintiff is awarded her costs on appeal. (Cal. Rules of Court, rule 8.27(a)(1)-(2).)


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
KRAUSE, J.

---

**4**    Plaintiff's motion for sanctions is denied. Sanctions are a punishment reserved to deter only the most egregious conduct, including the bringing of meritless appeals and conduct meant to delay an adverse judgment or harass the opposing party. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651.) The County's conduct in appealing the order does not rise to this level.