Filed 4/30/13  P. v. Diaz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE DIAZ,<br><br>    Defendant and Appellant. | H038283<br>(Monterey County<br>    Super. Ct. Nos. SS091145, SS101626,<br>            SS111864) |

In a global settlement of three pending cases, defendant Jesse Diaz pleaded no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted having a prior strike conviction (Pen. Code, § 1170.12, subd. (c)(1))[1] as well as a prior narcotics conviction (Health & Saf. Code, § 11370.2, subd. (a)).  In exchange for the plea, Diaz was to be sentenced to a total term of six years in prison.

At sentencing, Diaz was sentenced in accordance with his agreement and was awarded custody credits in varying amounts in connection with each of three cases.  On appeal, he contends that he is entitled to enhanced presentence conduct credits in each of those cases under both the current version of section 4019 as well as a prior version of that statute.  The People concede, and we agree, that Diaz is entitled to additional credits in one of the three cases.  We find he is not entitled to additional credits in the other two cases however.

---

[1] Further unspecified statutory references are to the Penal Code.

Accordingly, we will modify the abstract of judgment to provide additional credits in one case. As modified, we shall affirm the judgment.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Given that the appeal is directed solely at the issue of credits, we need only briefly summarize the facts underlying the three criminal cases at issue here.

### A.   *Case No. SS091145* (*case No. 145*)

On April 9, 2009, police executed a search warrant at Diaz's residence. Diaz was present at the house where police also found methamphetamine, hydrocodone, unregistered firearms, ammunition, and evidence of narcotics sales, such as scales and pay-owe sheets. Diaz was arrested that same day.

Diaz was charged by information with possession of hydrocodone for sale (Health & Saf. Code, § 11351; count 1), possession of hydrocodone while armed (*id*. § 11370.1, subd. (a); count 2), possession of methamphetamine for sale (*id*. § 11378; count 3), possession of an assault weapon (former § 12280, subd. (b); count 4),[2] and street terrorism (§ 186.22, subd. (a); count 5). As to counts 1 and 3, the information further alleged that Diaz was personally armed with four different firearms--a shotgun, an assault rifle, a .22-caliber pistol and a .45-caliber revolver--pursuant to section 12022, subdivision (c). The information also alleged that Diaz committed counts 1, 2 and 3 for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

### B.   *Case No. SS101626* (*case No. 626*)

In the course of investigating a fraudulent check, police contacted a suspect who admitted cashing the check. The suspect said she got the check from Diaz, who threatened to kill her if she talked to police. According to the suspect, after Diaz

---

[2] Former section 12280, subdivision (b) was repealed operative January 1, 2012, but its provisions were reenacted without substantive change as section 30605. (Stats. 2010, ch. 711, § 6.)

2

overheard her talking on the telephone with the police, he hit her with a wooden dowel and said he would kill her if she ever spoke to police about "his business" again. A few days after that incident, the suspect said a group of Hispanics showed up at her residence and reminded her if she said anything about Diaz or his family she "would be killed."

According to the probation report, the offenses were committed on May 17, 2010 and Diaz was arrested on June 28, 2010.

Diaz was charged by complaint with threatening to commit bodily harm (§ 422) and assault with a deadly weapon (§ 245). The complaint alleged both counts were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that Diaz committed the offenses while on bail or on his own recognizance in case No. 145 and another case (§ 12022.1).

C.      *July 22, 2010 negotiated disposition in case Nos. 145 and 626*

On July 22, 2010, pursuant to a negotiated disposition, the prosecutor amended count 5 in case No. 145 to misdemeanor street terrorism and Diaz pleaded no contest to that charge as well as to possession of methamphetamine for sale. In case No. 626, he pleaded no contest to the charge of making threats of violence.

On August 27, 2010, the trial court suspended imposition of sentence in both cases and placed Diaz on probation.

On September 28, 2011, Diaz was found in violation of his probation in both case Nos. 145 and 626 based on his plea in case No. MS299146 for being under the influence (Health & Saf. Code, § 11550) and driving under the influence (Veh. Code, § 23152, subd. (a)).

3

D. *Case No. SS111864* (*case No. 864*)[3]

On August 5, 2011, Diaz transported, gave away or sold methamphetamine (Health & Saf. Code, § 11379, subd. (a)). The complaint, filed on October 3, 2011, further alleged Diaz had a prior narcotics conviction (*id.* § 11370.2, subd. (a)), as well as a strike prior (§ 1170.12, subd. (c)(1)). Diaz's probation in both case Nos. 145 and 626 was violated based on this new case.

E. *Amendment of complaint in case No. 864 and global resolution*

On February 29, 2012, the prosecutor amended the complaint in case No. 864 to add a charge of possession of a controlled substance. Diaz pleaded no contest to the new charge and admitted the strike prior conviction with the understanding he would receive a six year prison term. The trial court found Diaz was in violation of his probation in case Nos. 145 and 626, and ordered his sentences in those matters would be served concurrent with his sentence in case No. 864.

F. *Sentencing*

On March 7, 2012, Diaz was sentenced in all three cases. In case No. 145, the trial court sentenced him to two years in prison and awarded him custody credits of 332 days, consisting of 222 custody credits and 110 conduct credits. In case No. 626, Diaz was sentenced to three years in prison and awarded 254 days of credits, consisting of 170 custody credits and 84 conduct credits. In case No. 864, Diaz was sentenced to a total term of six years, consisting of the aggravated term of three years, doubled due to the prior strike conviction. He was awarded 235 days of credit, consisting of 157 custody credits and 78 conduct credits. The trial court ordered that the sentences in case Nos. 145 and 626 were to be served consecutive to each other, but concurrently with the sentence in case No. 864.

---

[3] The record does not contain any facts about this particular case other than those set forth in the complaint.

4

## II. DISCUSSION

### A. *Diaz is entitled to additional credits in case No. 145*

Diaz argues, and the People concede, that he is entitled to additional conduct credits for the period of confinement between June 28, 2010 and February 3, 2011. During that period of confinement, Diaz was entitled to additional credits pursuant to the then-operative version of section 4019 which had an effective date of January 25, 2010.

Pursuant to *People v. Brown* (2012) 54 Cal.4th 314 and *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187, we agree that the concession is appropriate and will direct that the abstract of judgment be modified to award Diaz an additional 111 days of conduct credit in case No. 145.

### B. *Diaz is not entitled to additional credits in case Nos. 626 and 864*

A criminal defendant is entitled to accrue both actual presentence custody credits under section 2900.5 and conduct credits under section 4019 for the period of incarceration prior to sentencing. Conduct credits may be earned under section 4019 by performing additional labor (§ 4019, subd. (b)) and by an inmate's good behavior. (*Id.* subd. (c).) In both instances, section 4019 credits are collectively referred to as conduct credits. (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.) The court is charged with awarding such credits at sentencing. (§ 2900.5, subd. (a).)

Before January 25, 2010, conduct credits under section 4019 could be accrued at the rate of two days for every four days of actual time served in presentence custody. (Stats. 1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f)].) Effective January 25, 2010, the Legislature amended section 4019 in an extraordinary session to address the state's ongoing fiscal crisis. Among other things, Senate Bill No. 3X 18 amended section

5

4019 such that defendants, with some exceptions,[4] could accrue custody credits at the rate of two days for every two days actually served, twice the rate as before.

Effective September 28, 2010, section 4019 was amended again to restore the presentence conduct credit calculation that had been in effect prior to the January 2010 amendments, eliminating one-for-one credits. By its express terms, the newly created section 4019, subdivision (g), declared the September 28, 2010 amendments applicable only to inmates confined for a crime committed on or after that date. (Stats. 2010, ch. 426, § 2.)

Thereafter, the Legislature amended section 4019 yet again, reinstituting one-for-one conduct credits and making this change applicable to crimes committed on or after October 1, 2011, the operative date of the amendments. (§ 4019, subds. (b), (c), & (h).) Diaz committed the crimes in case Nos. 626 and 864 before the effective date of this particular amendment.[5]

Diaz argues he is statutorily entitled to increased presentence conduct credits for the time in custody after October 1, 2011, though he acknowledges that the case on which he relies for this proposition[6] is no longer citable. Essentially, Diaz contends that the language of section 4019, subdivision (h) in its current form is internally inconsistent, and to harmonize the conflicting language, the court should find that he is entitled to enhanced credits even though his crimes were committed before October 1, 2011.

---

[4] The enhanced credits were not available to defendants required to register as a sex offender, those committed for a serious felony (as defined in § 1192.7), or those who had a prior conviction for a violent or serious felony. (Stats. 2009-2010, 3d Ex. Sess., ch. 28, §§ 50, 62 [former § 4019, subds. (b), (c), & (f)].)

[5] According to the probation report, the charged offenses in case No. 626 were committed on May 17, 2010. The complaint in case No. 864 alleges that the charged offense was committed on August 5, 2011.

[6] *People v. Olague* (2012) 205 Cal.App.4th 1126, review dismissed March 20, 2013.

The first sentence of section 4019, subdivision (h) states: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011." This language is, on its face, clear and straightforward. The changes to the statute are to operate "prospectively," and the conduct credit amendment applies only to defendants whose crimes were committed "on or after October 1, 2011." (§ 4019, subd. (h).) Thus, the first sentence leads ineluctably to the conclusion Diaz is not entitled to conduct credit at the enhanced rate because he committed his crimes prior to October 1, 2011. Admittedly, however, section 4019, subdivision (h)'s second sentence appears to confuse matters.

The second sentence provides: "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) Arguably, this sentence implies any days earned by a defendant after October 1, 2011, are to be calculated at the rate required by the current law, without regard for when the offense was committed.

Reading the sentence in this manner, however, renders the first sentence meaningless, and ignores the first sentence's express direction that the amendment is to apply prospectively. This we cannot do. " ' "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.' " (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269 (*Rodriguez*); see 2A Sutherland, Statutory Construction (7th ed. 2007) § 46.6, pp. 230-244.)

Rather, we must look to another well-established rule of statutory construction to guide our interpretation of subdivision (h). " 'A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each

7

part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed.' " (*Rodriguez*, *supra*, 14 Cal.App.4th at p. 1268; see 2A Sutherland, Statutory Construction, *supra*, § 46.5, pp. 189-201.)

As discussed above, the first sentence reflects the Legislature's intent that the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Section 4019, subdivision (h)'s second sentence, though certainly inartfully drafted, is an attempt to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553; see also *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52 [§ 4019, subd. (h) merely reaffirms that defendants who committed their crimes before October 1, 2011, can still earn conduct credits, just under the prior law].) We decline to ignore the Legislature's clear intent in the first sentence of section 4019, subdivision (h) by relying on an implied interpretation of the second sentence.

We think the explicit language of the statute is clear: the 2011 amendment to section 4019 applies only to crimes that were "committed on or after October 1, 2011." (§ 4019, subd. (h).) Diaz, having committed his crimes before that operative date, does not qualify for the credits available under the amended statute. (*People v. Brown*, *supra*, 54 Cal.4th at p. 322, fn. 11; see *People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-397 [reasoning in *Brown* applies to version § 4019 effective Oct. 1, 2011].)

## III. DISPOSITION

The abstract of judgment is modified to reflect that Diaz shall receive presentence credits of 222 days of custody credits plus 221 days of conduct credits for total presentence credits of 443 days in case No. SS091145. As modified, the judgment is affirmed.

_____
                Premo, J.

WE CONCUR:




_____
Rushing, P.J.




_____
Elia, J.