Filed 5/22/13  P. v. Fisher CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056288 |
| v. | (Super.Ct.No. FMB1100478) |
| VINCENT BURL FISHER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

Sachi Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Sabrina Lane Erwin and James D. Dutton, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Vincent Burl Fisher pled guilty to one count of possession of a controlled substance for sale (Health & Saf. Code,

§ 11378) and admitted that he had served one prior prison term (Pen. Code, § 667.5, subd. (b)).[1] The crime occurred on September 4, 2011. The trial court sentenced defendant to four years in state prison and awarded him 255 actual credits and 126 conduct credits, for a total of 381 presentence custody credits. The court also imposed a $240 victim restitution fine and a $240 parole revocation restitution fine (stayed pending successful completion of parole).

On appeal, defendant contends: (1) the trial court's imposition of $240 for a restitution fine and a parole revocation restitution fine under sections 1202.4 and 1202.45 violated the ex post facto clause; and (2) defendant is entitled to day-for-day conduct credits for his jail time on and after October 2011. We affirm.

FACTUAL BACKGROUND

Defendant pled guilty to possession of a controlled substance for sale. A police officer recognized defendant from previous contacts and asked him if he was on parole. Defendant said yes, and the officer conducted a parole compliance check. As the officer was searching defendant for weapons, he felt a bulge in his pocket that felt like rock salt in a bag. The officer removed the item from defendant's pocket. The bag taken from defendant's pocket contained 54.10 grams of methamphetamine.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

ANALYSIS

I. The Trial Court's Imposition of $240 For the Restitution and Parole Revocation

Restitution Fines Was a Proper Exercise of Discretion

Defendant claims that when the court imposed restitution and parole revocation restitution fines in the amount of $240, it applied the version of section 1202.4 that had become effective on January 1, 2012. However, since defendant committed his crime three months before this amended law took effect, the fines are an ex post facto violation and should be reduced to $200 each. He further claims that his failure to object to the fines did not forfeit the issue on appeal because the fines were unauthorized. We disagree.

When defendant committed his offense in September 2011, the minimum restitution fine under section 1202.4, former subdivision (b), was $200. Section 1202.4 was amended effective January 1, 2012, and the minimum fine was increased to $240. Defendant argues that the $240 restitution and parole revocation restitution fines were not authorized by the version of sections 1202.4 and 1202.45 that were in effect at the time of his crime. However, the trial court had the discretion to impose a restitution fine ranging from $200 to $10,000 in 2011, and the $240 fine was well within that range. (Former § 1202.4.) Thus, while the prohibition against ex post facto laws applies to restitution fines (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248), the trial court could have imposed a $240 restitution fine in 2011. Thus, it was not an unauthorized sentence.

Furthermore, defendant raised no objection in the trial court to the amount of the fines. Defendant claims that even though his trial counsel did not object, the error is

3

cognizable on appeal because the imposition of the fines was unauthorized. However, as discussed, the $240 amount was authorized; thus, defendant forfeited his right to challenge the $240 restitution amount by failing to object below. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

## II. Defendant Is Not Entitled to Additional Presentence Custody Credits

On May 15, 2012, the court awarded defendant a total of 381 days of presentence conduct credit, consisting of 255 actual days and 126 conduct days. The court based its calculation on the version of section 4019 that was in effect prior to October 1, 2011, since defendant committed his offense on September 4, 2011. The most recent amendment to section 4019, effective October 1, 2011, increased the conduct credit accrual rate. (§ 4019, subd. (f).) Defendant argues that he is entitled to the higher rate for the presentence days he served on and after October 1, 2011, as a matter of statutory construction and equal protection. We disagree.

## A. The Legislature Expressly Indicated Its Intent That the Increased Rate Applies to Defendants Who Committed Crimes After October 1, 2011

A defendant is entitled to actual custody credit for "all days of custody" in county jail and residential treatment facilities, including partial days. (§ 2900.5, subd. (a); *People v. Smith* (1989) 211 Cal.App.3d 523, 526.) Section 4019 provides that a criminal defendant may earn additional presentence credit against his or her sentence for performing assigned labor (§ 4019, subd. (b)), and for complying with applicable rules and regulations of the local facility (§ 4019, subd. (c)). These presentence credits are collectively referred to as conduct credits. (*People v. Dieck* (2009) 46 Cal.4th 934, 939.)

4

Section 4019 has been amended several times in recent years. Before January 25, 2010, defendants were entitled to two days for every four days of actual time served in presentence custody, or one-for-two conduct credits. (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553, 4554.) Effective January 25, 2010, the Legislature amended section 4019 to provide that prisoners, with some exceptions, earned two days of conduct credit for every two days in custody, or one-for-one credits. (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.) Effective September 28, 2010, the Legislature amended section 4019 again. Subdivisions (b) and (g) restored the one-for-two presentence conduct credit calculation that had been in effect prior to the January 25, 2010, amendment. (Stats. 2010, ch. 426, §§ 1, 2, 5.)

Most recently, the Legislature amended section 4019 to provide for up to two days credit for each four-day period of confinement in local custody. (§ 4019, subds. (b) & (c).) This scheme reflects the Legislature's intent that if all days are earned under section 4019, a term of four days will be deemed to have been served for every two days spent in actual custody. (§ 4019, subd. (f).) As relevant here, section 4019, subdivision (h), provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

The first sentence of section 4019, subdivision (h) states: "The changes to this section . . . shall apply *prospectively* and shall apply to prisoners who are confined to a

5

county jail, city jail, industrial farm, or road camp for a crime committed *on or after October 1, 2011*." (Italics added.) By the first sentence's plain language, the changes to section 4019 would not apply to defendant because he committed his crime *prior* to October 1, 2011. Thus, the first sentence leads unmistakably to the conclusion defendant is not entitled to conduct credit at the enhanced rate. (See *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 51 (*Rajanayagam*).)

The second sentence in section 4019, subdivision (h) provides: "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) Defendant states that this sentence "suggests" that any days earned by a defendant *after* October 1, 2011, should be calculated at the rate required by the current law (one-for-one credits). Accordingly, he claims he is entitled to additional conduct credits for the days he spent in custody on and after October 1, 2011.

""It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." A statute should be construed so that effect is given to *all* its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'" (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269 (*Rodriguez*), italics added.) As discussed *ante*, subdivision (h)'s first sentence reflects the Legislature's intent that the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. "Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before

6

October 1, 2011, but are in local custody on or after October 1, 2011.  Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52.)  Moreover, we cannot read the second sentence to imply that any days earned by a defendant *after* October 1, 2011, must be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, since that would render the first sentence superfluous.  (*Id.* at p. 51; see also, *Rodriguez*, *supra*, 14 Cal.App.4th at p. 1269.)

We conclude that the enhanced conduct credit provision applies only to those defendants who committed their crimes on or after October 1, 2011.  (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52.)  Thus, it does not apply to defendant.

B.  Defendant Is Not Entitled to Additional Conduct Credits Based on Equal Protection

Defendant further contends that applying the current version of section 4019 to defendants whose offenses were committed after October 1, 2011, but not to those, such as defendant, who were sentenced after October 1, 2011 for crimes committed before October 1, 2011, violates equal protection principles.  We disagree.

In order to succeed on an equal protection claim, defendant must first show that the state has adopted a classification scheme that affects two or more similarly situated groups in an unequal manner.  (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.)  For purposes of the equal protection clause, we do not inquire "'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law

7

challenged.'" [Citations.]" (*Id.* at pp. 1199-1200.) "If the first prerequisite is satisfied, we proceed to judicial scrutiny of the classification. Where, as here, the statutory distinction at issue neither touches upon fundamental interests nor is based on gender, there is no equal protection violation if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 53; see also *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [the rational basis test applies to equal protection challenges based on sentencing disparities].) "Under the rational relationship test, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citation.]" (*Rajanayagam*, at p. 53.)

Even if we were to agree that defendant was similarly situated to other defendants who committed their crimes after October 1, 2011, we conclude there was no equal protection violation, since the challenged classification bears a rational relationship to a legitimate state purpose. The 2011 amendment was enacted as part of the legislation addressing the state's fiscal emergency, by effectuating an earlier release of persons committing offenses on or after October 1, 2011, thus relieving the state of the cost of their continued incarceration and also alleviating overcrowding in county jails. (See Stats. 2011, ch. 12, § 35, pp. 5976-5977; Stats 2011, ch. 15, § 482, pp. 497-498.) We perceive a legitimate legislative purpose for limiting the extension of additional conduct credits to persons in local custody for crimes committed on or after October 1, 2011, but not before. We first note that "the California Supreme Court has stated equal protection

8

of the laws does not forbid statutes and statutory amendments to have a beginning and to discriminate between rights of an earlier and later time.  [Citation.]"  (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55.)

Furthermore, the Legislature could have determined that the nature and scope of the state's fiscal emergency required granting additional conduct credits only to persons in local custody for crimes committed on or after October 1, 2011, but not before, in order to strike a balance between the state's fiscal and jail-overcrowding problems, on the one hand, and public safety concerns, on the other.  (*People v. Verba* (2012) 210 Cal.App.4th 991, 997; *Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55.)

We note defendant's reliance on *In re Kapperman* (1974) 11 Cal.3d 542 (*Kapperman*), in support of his claim.  *Kapperman* is distinguishable because it addressed actual custody credits, not conduct credits.  Conduct credits must be earned by a defendant, whereas custody credits are constitutionally required and awarded automatically on the basis of time served.  (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 56.)

In sum, a rational basis exists for applying the 2011 amendment to section 4019 to defendants who committed crimes on or after October 1, 2011, but not to those who committed crimes before October 1, 2011.  Thus, defendant's equal protection rights were not violated.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.

10