Filed 6/25/13  P. v. Bahr CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>GREGORY LEE BAHR,<br><br>　　Defendant and Appellant. | G047146<br><br>(Super. Ct. No. 11NF1086)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Alana Butler, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Gregory Lee Bahr pleaded guilty to domestic violence with corporal injury (Pen. Code, § 273.5, subd. (a)), use of a deadly weapon within the meaning of Penal Code section 12022, subdivision (b)(1), and two prison priors within the meaning of Penal Code section 667.5, subdivision (b).[1] As part of a plea agreement, Bahr agreed to a three-year prison term, and the trial court awarded Bahr presentence custody and conduct credits totaling 393 days.

Bahr subsequently filed a motion contending that under the amended version of Penal Code section 4019 (hereinafter "amended section 4019") he was entitled to additional presentence conduct credits. The trial court denied the motion and Bahr now appeals. He argues that amended section 4019 should be interpreted to apply to days he was in custody after the statute's effective date of October 1, 2011 (§ 4019, subd. (h)) even though he committed his offense before that date (April 4, 2011). Bahr also contends that failure to interpret the statute in this way violates equal protection. We disagree and conclude amended section 4019 does not apply to crimes committed before the effective date of October 1, 2011, and the distinction does not constitute an equal protection violation. We therefore affirm the trial court's denial of the motion.

I

FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, Bahr was living with his girlfriend, Adela U., and they quarreled when she returned home from a doctor's appointment. Bahr violently assaulted Adela when she attempted to leave the residence.[2] In December 2011, Bahr pleaded guilty as described above in exchange for a three-year prison term, and the court awarded

---

[1] All further statutory citations are to the Penal Code unless noted.

[2] Because they do not bear on the sentencing issue, we omit further details of the offense.

Bahr presentence credit for the 262 days he was in custody, plus 131 days of conduct credit, for a total of 393 presentence credit days. On April 5, 2012, Bahr filed a motion requesting additional conduct credits for the time he was in custody after October 1, 2011. The trial court denied the motion.

II

DISCUSSION

Bahr asserts he is entitled to an additional 42 days of conduct credit for presentence custody he served with good conduct after October 1, 2011. Specifically, he interprets amended section 4019 to require a bifurcated calculation for conduct credits earned before and after October 1, 2011, if the crime was committed before that date. (See *People v. Brown* (2012) 54 Cal.4th 314, 322 (*Brown*).) Bahr bases his appeal on his interpretation of amended section 4019, subdivision (h), as well as on equal protection grounds. As we explain, Bahr's contentions are without merit, and we therefore affirm his sentence without the additional credit.

A. *Background: Section 4019 credits*

A defendant sentenced to prison is entitled to have all presentencing days spent in custody credited against the term of imprisonment. (§ 2900.5, subd. (a).) The defendant also may be awarded additional presentence conduct credits for satisfactorily performing labor assignments (§ 4019, subd. (b)), and for complying with "reasonable rules and regulations." (§ 4019, subd. (c).)

Section 4019 has been amended several times in recent years.[3] Most recently, as part of the Realignment Act, the Legislature in Assembly Bill No. 109 (2011-2012 Reg. Sess.) established a policy of day-for-day conduct credits. Thus, when added

_____

[3] Before October 1, 2011, conduct credits were essentially earned at the rate of one day for every two days in custody. The 2011 amendment doubles the rate to two days conduct credit for every two days in custody. Bahr therefore argues he should earn one conduct credit for each day he was in custody after October 1, 2011, rather than the one credit for every two days he was awarded.

3

to custody credits, "a term of four days will be deemed to have been served for every two days spent in actual custody" if the defendant has met the requirements discussed above. (§ 4019, subd. (f), as amended by Stats. 2011, ch. 15, § 482, eff. April 4, 2011, op. Oct. 1, 2011.) Amended Section 4019, subdivision (h) (hereinafter referred to as subdivision (h)) reads, "The changes to this section . . . shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." The ambiguity created by the second sentence of subdivision (h) is the basis of Bahr's appeal.

B. *Amended Section 4019 Does Not Apply to Crimes Committed Before October 1, 2011*

The California Supreme Court has explained that a statute should not be applied retroactively "'unless it is very clear from extrinsic sources that the Legislature . . . must have intended retroactive application.'" (*Brown, supra*, 54 Cal.4th at p. 319.) Subdivision (h) clearly expresses the Legislature's intent that the amendment be applied prospectively beginning October 1, 2011, and Bahr does not contend otherwise. Rather, Bahr relies on *Brown* in asserting subdivision (h) creates a bifurcated calculation for crimes committed before October 1, 2011, in which conduct credits earned before and after the effective date are calculated at different rates (*Brown, supra*, 54 Cal.4th at p. 322 ["To apply former section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates"]).

Bahr's reliance on *Brown* is misplaced. *Brown* interpreted a previous amendment to section 4019 (see Stats. 2009-2010, 3rd Ex. Sess., ch. 28, § 50, eff. Jan. 25, 2010) that made no mention of the offense date. Conversely, the most recent amendment (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35; Assem. Bill No. 109 (2011-2012 Reg Sess.)) expressly states the Legislature's intent that the revised credit

4

calculation applies to crimes "committed on or after October 1, 2011." (§ 4019, subd. (h).) Thus, as the Attorney General correctly notes, *Brown* does not require a bifurcated calculation with respect to the 2011 amendment.

Bahr also relies on the second sentence of subdivision (h): "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) Bahr argues this shows the Legislature intended to have conduct credits calculated at the day-for-day rate for time in custody after October 1, 2011, rather than the less favorable rate under the previous version of section 4019. While the exact meaning of subdivision (h)'s second sentence is unclear, the first sentence is unambiguous: "The changes to this section . . . shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp *for a crime committed on or after October 1, 2011*." (*Ibid*., italics added.) Bahr's reading of the second sentence and his interpretation of the amendment as a whole would require us to completely disregard the first sentence.

In *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*), we were presented with the same question. In rejecting the defendant's contention that the second sentence created a bifurcated calculation for crimes committed before October 1, 2011, we observed, "to read the second sentence in this manner renders meaningless the first sentence. This we cannot do." (*Id*. at p. 51). We further noted, "'"'It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'"'" (*Ibid*, quoting *Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269; see also 2A Sutherland, Statutory Construction (7th ed. 2007) § 46.6, pp. 230–244, fns. omitted.) Accordingly, we refused to read the second sentence of subdivision (h) as requiring a separate calculation for conduct credits earned

5

by a defendant after October 1, 2011, if the offense was committed before October 1, 2011. We reasoned that such a reading "would render the first sentence superfluous." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 51.)

Moreover, """"A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed."""" (*Rajanayagam, supra*, 211 Cal.App.4th at p. 52.) To accept Bahr's reading of the second sentence would violate this principle by focusing on one sentence to the exclusion of the amendment's overall purpose.

Our interpretation is not unique. In *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553, the court held: "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits." (Original italics.).

Thus, we again conclude, as we did in *Rajanayagam*, "[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law." (*Rajanayagam*, supra, 211 Cal.App.4th at p. 52.) Because

6

Bahr committed the crimes before October 1, 2011, amended section 4019's enhanced calculation does not apply, and therefore the trial court properly calculated Bahr's conduct credits under the prior law.

C. *Amended Section 4019's Prospective Application Does Not Violate Equal Protection*

Bahr further asserts that our reading of amended section 4019 violates his constitutional right to equal protection. The first inquiry in an equal protection claim is whether the state has adopted a classification that applies different treatment to two or more groups that are similarly situated for purposes of the challenged law. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.) We agree such a classification exists in amended section 4019. "Defendants who committed offenses and earned conduct credit before the operative date of the statute are treated more harshly than those who committed the same crimes and earned conduct credit on or after October 1, 2011. The two groups are similarly situated in the sense that they committed the same offenses but are treated differently in terms of earning conduct credit based solely on the dates their crimes were committed. For purposes of receiving conduct credit, nothing distinguishes the status of a prisoner whose crime was committed after October 1, 2011, from one whose crime was committed before that date." (*People v. Verba* (2012) 210 Cal.App.4th 991, 995-996 [concluding amended Section 4019 does not violate equal protection because there is a rational basis for the classification].) Thus, we agree with Bahr that the two groups are similarly situated with respect to the statute and are treated differently.

Though unequal treatment exists, Bahr must also show no rational basis exists for applying amended section 4019 only to those crimes committed after the effective date. The Legislature's stated purpose for passing the Realignment Act was "to reduce recidivism and improve public safety, while at the same time reducing corrections and related criminal justice spending." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 679; §17.5.) We conclude that the classification regarding good conduct credits is rationally

7

related to the Legislature's stated goal of cost savings. As we stated in *Rajanayagam*, "The effective date was a legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam*, supra, 211 Cal.App.4th at p. 55.) While the same goal could have been met by awarding additional conduct credits to defendants in Bahr's position, the Legislature is entitled to establish an effective date for statutory amendments and "to discriminate between rights of an earlier and later time." (*Id.* at p. 55.)

"Under the very deferential rational relationship test, we will not second guess the Legislature and conclude its stated purpose is better served by increasing the group of defendants who are entitled to enhanced conduct credits when the Legislature has determined the fiscal crisis is best ameliorated by awarding enhanced conduct credit to only those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55.) We agree with the decisions in *Rajanayagam* and *Ellis* that the enhanced conduct credits established in amended section 4019 do not apply to crimes committed before October 1, 2011, and that this classification is not a violation of equal protection. Consequently, Bahr is not entitled to additional presentence conduct credits.

8

## III

## DISPOSITION

The judgment is affirmed.[4]

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

---

[4]     In her brief, the Attorney General suggests Bahr impliedly waived in the plea agreement any right to contest the accuracy of the custody credits. Because we hold he is not entitled to additional credits under section 4019, we need not address the waiver issue.